IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 6:25-CR-00029-JDK |
| § | |
| v. § | |
| § | |
| JEREMY WAYNE LOGAN § | |
| § | |
| Defendant. § | |

# REPORT & RECOMMENDATION OF
# UNITED STATES MAGISTRATE JUDGE

On April 14, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jeremy Wayne Logan. The government was represented Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Transportation of an Undocumented Alien, a Class D felony. This offense carried statutory maximum imprisonment terms of 5 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of IV, was 30 to 37 months. On June 7, 2023, U.S. District Judge Nelva Gonzales Ramos of the Southern District of Texas sentenced Defendant to 24 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include 180 days community confinement, substance abuse treatment, testing, and abstinence, no possession of controlled substances, no alcohol use, mental health treatment and related medications, and a $100 special assessment. On August 22, 2024, Defendant completed his period

1

of imprisonment and began service of the supervision term. On March 24, 2025, jurisdiction of this matter was transferred to this district.

Under the terms of supervised release, Defendant was required to refrain from unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on March 2, 2025 when he provided a urine specimen that tested positive for methamphetamine. The government submits that Fifth Circuit case law permits the court to find that illicit drug use constitutes possession.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the criminal offense of possession of methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 12 months and 1 day imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 14th day of April, 2025.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE